

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00871-CR

Jason Andrew **PAUL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0811
Honorable Andrew Carruthers, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: November 22, 2023

DISMISSED FOR WANT OF JURISDICTION

On November 30, 2020, appellant entered into a plea bargain with the State pursuant to which he pleaded no contest to retaliation. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On November 1, 2022, a magistrate entered an order extending appellant's civil commitment in the case.

Because appellant did not file a timely motion for new trial from the original judgment of conviction, a notice of appeal from that judgment was due by December 30, 2020. TEX. R. APP. P.

26.2(a)(1). A motion for extension of time to file the notice of appeal was due by January 14, 2020. *See id.* R. 26.3. Because appellant did not file a timely motion for new trial from the civil commitment order, a notice of appeal from that order was due by December 1, 2022, and a motion for extension of time to file the notice of appeal was due by December 16, 2022. TEX. R. APP. P. 26.2(a)(1), 26.3. Appellant filed a pro se notice of appeal on September 29, 2023.

A timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the motion for extension of time. *See id*.

Because the record appears to show that appellant's notice of appeal was untimely and he did not file a motion for extension of time, on October 3, 2023, we ordered appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction by November 2, 2023. *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Appellant did not file a response to our order. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH